# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DARWIN BAXTER, | Case No. 1:14-cv-00053 DLB |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| STANISLAUS COUNTY SHERIFF MEDICAL STAFF, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Jeffrey Darwin Baxter ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 16, 2014.

Pursuant to Court order, he filed a First Amended Complaint on June 5, 2014. He names Dr. Ho as the sole Defendant.[1]

**A.      SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 27, 2014.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    ALLEGATIONS IN COMPLAINT**

Plaintiff is currently housed at the Duel Vocational Institution in Tracy, California. The events at issue occurred while he was housed at the Stanislaus County Jail.

Plaintiff contends that he was denied proper medical treatment. He explains that he had hip surgery for a broken hip. After surgery, Defendant Ho prescribed Tylenol/Motrin, even though Plaintiff had told him that he cannot take this medication because of Hepatitis C. Plaintiff

1 expressed his concerns, but Defendant Ho told him that he'd be fine if he took the medication.

2 Plaintiff took the medication, but it caused internal bleeding and Plaintiff needed a blood
3 transfusion.  He states that he now has liver damage, cirrhosis of the liver and is anemic.
4 He alleges that he appealed Defendant Ho's treatment "to Doctor Ho and Medical Staff at Public
5 Safety Center Jail of Stanislaus County," but his appeal was denied and his medication was never
6 changed.

7 Based on these facts, Plaintiff contends that he was denied proper medical treatment
8 because he should not have been prescribed Tylenol/Motrin, and because his medication was not
9 changed.

10 **C.** **DISCUSSION**

11     1. <u>Plaintiff's Status</u>

12 Plaintiff is currently in the custody of the California Department of Corrections and
13 Rehabilitation.  The events at issue occurred at the Stanislaus County Jail, but Plaintiff again fails
14 to indicate whether he was a pretrial detainee or a convicted prisoner at the time of the events.  In
15 any event, while Plaintiff was likely a pretrial detainee at the time, the standard for deliberate
16 indifference is the same.  For purposes of screening, the Court will proceed as if Plaintiff was a
17 pretrial detainee at the time of the allegations.

18     2. <u>Medical Treatment</u>

19 As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount
20 to punishment.  <u>Bell v. Wolfish</u>, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); <u>Simmons v. Navajo</u>
21 <u>County, Ariz.</u>, 609 F.3d 1011, 1017-18 (9th Cir. 2010); <u>Clouthier v. County of Contra Costa</u>, 591
22 F.3d 1232, 1244 (9th Cir. 2010).  While pretrial detainees' rights are protected under the Due
23 Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth
24 Amendment has long been used to analyze pretrial detainees' conditions of confinement claims.
25 <u>Simmons</u>, 609 F.3d at 1017-18; <u>Clouthier</u>, 591 F.3d at 1242; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128
26 (9th Cir. 1998).

27 While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical
28 care, the Eighth Amendment is violated only when a prison official acts with deliberate

indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

  Plaintiff's allegations stem from his belief that he was denied proper medical care because (1) Defendant Ho did not provide proper treatment; and (2) his medication was not changed after he appealed the treatment.

  Plaintiff again fails to allege that Defendant Ho acted with deliberate indifference. Plaintiff states that Defendant Ho knew that he had liver issues and should not take Tylenol/Motrin, but he prescribed it nonetheless.  When Plaintiff expressed his concern, Defendant Ho told Plaintiff that he would be fine.

  At most, Plaintiff's allegations describe gross negligence and do not rise to the level of a constitutional violation.  Even assuming Defendant Ho erred, a constitutional claim may not be premised on even gross negligence by a physician.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

  This conclusion is supported by Plaintiff's allegation that Defendant Ho believed that he would be fine if he took the medication.  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting

4

Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Insofar as Plaintiff contends that a constitutional violation occurred because his medication was not changed after an appeal, he fails to state a claim.  Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted).  However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.  That circumstance has not been presented here.  Absent the presentation of facts sufficient to show that a constitutional violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying denial of medical care.

Plaintiff's claim relating to the appeal is also vague.  He states that he appealed the issue to Defendant Ho and the medical staff, but he does not state who made the ultimate decision on his appeal.

For these reasons, Plaintiff fails to state a claim against Defendant Ho.  Plaintiff will be given **one final** opportunity to amend.

### D.      CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with a **final** opportunity to file an amended complaint.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct.

2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 11, 2014**              /s/ Dennis L. Beck
                                            UNITED STATES MAGISTRATE JUDGE

6