# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DARWIN BAXTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STANISLAUS COUNTY SHERIFF<br>MEDICAL STAFF, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:14-cv-00053 DLB<br><br>ORDER DISMISSING SECOND<br>AMENDED COMPLAINT WITHOUT<br>LEAVE TO AMEND |

　　　　Plaintiff Jeffrey Darwin Baxter ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 16, 2014.

　　　　Pursuant to Court order, he filed a Second Amended Complaint on December 2, 2014. He names Dr. Ho as the sole Defendant.[1]

**A.　SCREENING STANDARD**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 27, 2014.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    ALLEGATIONS IN COMPLAINT**

Plaintiff is currently housed at the Duel Vocational Institution in Tracy, California. The events at issue occurred while he was housed at the Stanislaus County Jail.

Plaintiff alleges that he broke his hip and had surgery prior to his incarceration. He was subsequently housed at the Stanislaus County Jail as a pretrial detainee.

When he was arrested, Plaintiff told medical personnel that he was still healing and was taking Norco 10's for pain.  Plaintiff signed a document permitting the medical staff to have access to his medical history and records.  Plaintiff contends that his medical history was always available because he had been a state prisoner and was in and out of jail for more than ten years.

Less than a week later, while he was in custody and waiting for the courts, Plaintiff was hospitalized for internal bleeding and requiring a blood transfusion.

A week later, he was released from jail.  He was soon arrested again.  Plaintiff contends that Defendant Ho wanted to give him the wrong medications.  Plaintiff alleges that Defendant Ho Ho and his staff were wrong.  As a result, Plaintiff states that he's in constant pain and has complications with his liver.

**C.      DISCUSSION**

As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment.  Bell v. Wolfish, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010).  While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff believes that Defendant Ho provided him with improper treatment. However, Plaintiff's allegations continue to be deficient because they do not allege that Defendant Ho acted with deliberate indifference. Although he alleges that Defendant Ho gave him the wrong medication despite being aware of his medical history, these allegations, at most, describe gross negligence and do not rise to the level of a constitutional violation. Even assuming Defendant Ho erred, a constitutional claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Indeed, in his allegations, Plaintiff indicates that he understands the Court's prior explanation as to the difference between gross negligence and deliberate indifference. He states that whether or not Defendant Ho provided improper treatment on purpose, it is obvious that medical staff were "wrong with the way they took care of [him]." ECF No. 12, at 5.

While Plaintiff may not agree with the legal standards at issue, the Eighth Amendment requires a showing of deliberate indifference, which is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Again, while Plaintiff may be able to state a negligence claim under state law, his allegations do not rise to the level of an Eighth Amendment violation. Plaintiff has had two opportunities to correct the deficiencies, but has failed to do so.

4

**D.   CONCLUSION AND ORDER**

Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted under section 1983. The Court indicated in its November 12, 2014, order that this would be his final opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Given that he has failed to correct the deficiencies, the Court finds that further leave to amend is not warranted.

Accordingly, this action is DISMISSED for failure to state a claim for which relief may be granted.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **May 14, 2015**                    /s/ Dennis L. Beck
                                             UNITED STATES MAGISTRATE JUDGE